## Application of IACONI.
### No. 54–34.

United States District Court
D. Massachusetts.
April 20, 1954.

W. Arthur Garrity, Jr., Maguire & Roach & Garrity, Boston, Mass., for applicant.

Anthony Julian, U. S. Atty., W. Langdon Powers, Asst. U. S. Atty., Boston, Mass., for opponent.

WYZANSKI, District Judge.

I have before me an application of Frank Iaconi praying that this Court shall quash certain subpoenas requiring other persons to appear before a Grand Jury now sitting in this Court; that the proceedings of the said Grand Jury be stayed; and that the United States Attorney be directed to refrain from causing the said Grand Jury to investigate alleged violations by the applicant of Section 145(b) of the Internal Revenue Code, 26 U.S.C.A., such direction to be effective until this Court has disposed of United States v. Iaconi, Criminal No. 53–35.

During the presentation of the application before me statements were received from both Iaconi's counsel, Mr. Garrity, and from Mr. Powers, acting as Assistant United States Attorney. Neither of these gentlemen was under oath but each of them made statements as a member of the bar of this Court and subject to the usual sanctions which operate under these circumstances, including the sanction of contempt.

Both the applicant and the opponent agree that Frank Iaconi was heretofore indicted by an earlier Grand Jury and this indictment has not yet come to trial. There is now pending before Judge McCarthy, to whom the indictment has been assigned for trial, a motion by Iaconi for a bill of particulars. The United States Attorney would be able to prepare these particulars, if the motion is allowed, by testimony which might be given by some of the persons now under summons by the United States Attorney to appear before the Grand Jury now in session.

Mr. Powers, in his official capacity as Assistant United States Attorney, has represented to this Court that so far as he is aware the testimony of the subpoenaed witnesses would be likely to serve, principally, two purposes. One would be to give additional information to the government which would be of use to it in particularizing the indictment and in trying the indictment in the case of United States v. Iaconi, Number 53–35 already referred to. A second purpose would be to marshal evidence before the Grand Jury now sitting with the probability that evidence so marshalled, together with other evidence, might be utilized more likely by a subsequent Grand Jury than the present Grand Jury in determining whether to return indictments of persons other than Frank Iaconi but who may have been associated with him.

■ An initial question which must be faced is whether the applicant, Frank Iaconi, has a standing to sue in the particular manner set forth in the application. Iaconi himself, it will be remembered, is not the person named in any of the subpoenas. In my judgment he does not have a locus standi to be heard in connection with this application. In making this statement I express no opinion, directly or indirectly, as to whether Iaconi would have an opportunity to raise directly, in the criminal proceeding, in Number 53–35, an issue if the government should, directly or indirectly, rely upon testimony elicited through the subpoenas now sought to be quashed or the Grand Jury proceedings now in process. My ruling herein seems to me consistent with my earlier ruling in the United States v. O'Connor, D.C.Mass., 118 F.Supp. 248, 249, Column 2, 2nd full paragraph, and not without some analogies to the opinion of the Court of Appeals of this Circuit in Centracchio v. Garrity, 1 Cir., 198 F.2d 382, 388.

■ Although Frank Iaconi has, in my judgment, no locus standi I shall assume that mero motu any court including this one can exercise over a grand jury sitting in that court supervisory power to prevent the process of that grand jury from being used abusively. This seems to me the teaching of United States v. National Association of Window Glass Manufacturers, D.C.Ohio, 287 F. 228, and I find nothing contrary to that rule in In re Grand Jury Proceedings, D.C.E.D. of Pa. 4 F.Supp. 283.

Cf. Centracchio v. Garrity above, 198 F.2d at pages 385–386.

█ Of course in acting sua sponte in checking abuses of a grand jury, a court may, in substance though not in form, respond to suggestions made or greivances drawn to its attention by counsel, litigants or strangers. Thus this Court may, if it sees fit, examine the application of Frank Iaconi to see whether the Court finds such an abuse of process by the Grand Jury as to warrant the Court interfering. Since, looked at in the light that I have described, this proceeding is a court proceeding in which the Court has the initiative, any examination of witnesses and any questions put are absolutely within the control of the Judge. Neither Iaconi, his counsel, nor any stranger has a vested right to call a witness to the stand or to put questions. The full interrogatory power, as well as the power of decision, rests with the Judge who, of course, if he sees fit, may summon to his assistance persons who will enable him better to elicit the facts.

██ Proceeding in accordance with the views just stated, I am satisfied that there is no such clear showing of an abuse of process as to warrant this Court at this time in quashing subpoenas, restraining the Grand Jury or postponing its deliberations. There are grounds which have been stated by Mr. Powers which fall within the broad latitude allowable to a grand jury. Thus it cannot be doubted that a grand jury may investigate crime or the supposed existence of crime, either immediately to return an indictment or to lay the foundation for later indictment.

Here, upon the facts as stated, it is reasonable to suppose that a purpose, and an important purpose, of the Grand Jury is to move in the direction of indicting persons unknown to the Court but in any event different from Frank Iaconi. Hence the present application is denied in toto.