In the Matter of GRAND JURY INVESTIGATION OF the BANANA INDUSTRY.

Misc. No. 156.

United States District Court
D. Maryland.
March 8, 1963.

Robert L. Wright, First Asst., Antitrust Div., Dept. of Justice, Andrew J. Kilcarr, Jerome A. Hochberg, Donald J. Williamson and Margaret H. Brass, Attys., Dept. of Justice, Washington, D. C., for United States.

Hugh B. Cox, Washington, D. C., and John Henry Lewin, Baltimore, Md., for United Fruit Co.

THOMSEN, Chief Judge.

A motion filed herein by the Antitrust Division of the Department of Justice (the Division) requires the Court to construe and apply Rule 6(e), F.R.Crim.P., which reads in pertinent part: "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding * * *. No obligation of secrecy may be imposed upon any person except in accordance with this rule. * * *"

In March, 1961, a Special Grand Jury for the District of Maryland was organized to investigate the banana industry. It called a large number of witnesses, many of them officers and employees of United Fruit Company and its subsidiary and affiliated companies (referred to collectively herein as United Fruit) and issued subpoenas duces tecum calling for the production of thousands of documents. On motion of United Fruit, and

after a conference with Division counsel and counsel for United Fruit, this Court entered an amended impounding order on May 23, 1961, directing that documents impounded in the custody of the Division or of the Clerk of this Court be held by them in confidence, as more specifically provided therein, and subject to further order of the Court. Thereafter, at the request of Division counsel and counsel for United Fruit, I examined several hundred documents and gave my opinion whether United Fruit might properly refuse to produce them on the ground of privilege. In the Spring of 1962 the Division decided not to request an indictment in the District of Maryland, but to seek an indictment on the West Coast, and the late Judge Chesnut discharged the Grand Jury on May 11, 1962.

On February 4, 1963, Andrew J. Kilcarr, an attorney in the Division who had participated in the aforesaid investigation, filed a petition herein, referring to the impounding order, reciting that the testimony received by the Grand Jury in this District has been transcribed, and requesting "that leave be granted the said Andrew J. Kilcarr to take as many of said documents and transcripts as be necessary to the Southern District of California and to disclose said documents and portions of said transcripts of Grand Jury proceedings heretofore held in this District to a Federal Grand Jury in the Southern District of California at Los Angeles". In support of the request it is alleged that it would be impractical, repetitious, and unnecessarily expensive to return said documents to the respondents and then subpoena them again and to take such direct testimony again. Pursuant to instructions from this Court, the Division served notice of the petition on counsel for United Fruit.

Following an informal hearing, and subject to the conditions contained in a letter dated February 8, 1963, counsel for United Fruit consented to the entry of an order granting leave to the Division to take the documents to Los Angeles for the purpose of disclosing them or any of them to the Grand Jury convened in the Southern District of California. Such an order was entered herein on February 20, 1963.

Counsel for United Fruit object to the entry of an order which would permit the Division to disclose to the Grand Jury in California such portions as the Division might select of the transcripts of oral testimony given before the Grand Jury in Maryland. They state, however, that they would not object to an order permitting the Division to submit to the Grand Jury in Los Angeles the entire transcript of the testimony of any witness who is now dead, ill or otherwise incapacitated.

It is not necessary to decide whether United Fruit has a legal right to object to the order sought by the Division. Because of the history of the proceedings before the Grand Jury in the District of Maryland and particularly the order of May 23, 1961, this Court requested counsel for United Fruit as well as counsel for the government to give this Court the benefit of their views.[1] Both sides have filed elaborate memoranda, presenting a variety of arguments, but no opinion directly in point has been cited or found.

■■ The Division has the undoubted right to present the same matter to more than one grand jury. United States v. Thompson, 251 U.S. 407, 413–414, 40 S.Ct. 289, 64 L.Ed. 333; Application of Iaconi, D.Mass., 120 F.Supp. 589, 591; United States v. Schack, S.D.N.Y., 165 F.Supp. 371, 376. The Department

1. See generally, In re Grand Jury Proceedings, 3 Cir., 309 F.2d 440, aff'g E.D. Pa., 29 F.R.D. 151; Application of State of California, E.D.Pa., 195 F.Supp. 37; Application of Iaconi, D.Mass., 120 F. Supp. 589, 591; United States v. United States District Court, 4 Cir., 238 F.2d 713, 715, cert. den. sub nom. Valley Bell Dairy Co. v. United States, 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365. Cf. Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979; Duke v. United States, 4 Cir., 90 F.2d 840, 841; Application of Radio Corp. of America, S.D.N.Y., 13 F.R.D. 167; United States v. Morse, S.D.N.Y., 292 F. 273, 278.

of Justice has the right to use the transcripts as a source of information and to take them out of this District for that purpose. United States v. United States District Court, 4 Cir., 238 F.2d 713, 721, cert. den. sub nom. Valley Bell Dairy Co. v. United States, 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365; In re Petroleum Industry Investigation, E.D.Va., 152 F. Supp. 646. Cf. In re Petition for Disclosure of Evidence, etc., E.D.Va., 184 F. Supp. 38. But it does not follow that the Division has the right to disclose all or any part of the contents of the transcripts to a grand jury in California without the approval of this Court, which has jurisdiction over the grand jury which received the testimony. Herman Schwabe, Inc. v. United Shoe Machinery Corp., D.D.C., 21 F.R.D. 233, 235.

■ Counsel for United Fruit contend that disclosure to the Grand Jury in California is no different from disclosure to an individual or to a governmental agency other than the Justice Department, and that in order to justify a disclosure of the transcripts to the Grand Jury in California, Division counsel must show a "particularized need" or "compelling necessity", as required by United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077, and Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323. The Division, on the other hand, contends that "compelling necessity" and "particularized need" have no application here; that the presentation to one grand jury of testimony taken before another grand jury is not a disclosure of such testimony within the meaning of Rule 6(e), since both grand juries are sworn to secrecy. This Court does not wholly agree with either position. The proposed use of the transcripts is a disclosure, which requires the approval of this Court; but the considerations which should control the Court in the exercise of its discretion are not the same as when the proposed disclosure is for some other purpose.

No doubt it would be convenient for the Division to present to the Grand Jury in California a summary of the testimony heard by the Grand Jury in Maryland. But convenience is not the only consideration. Fairness to the persons whose conduct is being investigated must also be considered. The Court should foreclose any possibility that even an inadvertently unfair summary of the testimony taken before the Grand Jury in Maryland might be presented to the Grand Jury in California.

It is one thing for the Division to prepare for the use of a grand jury a digest of the testimony which that grand jury has heard, see United States v. United States District Court, 4 Cir., 238 F.2d 713, 721, but quite another thing for the Division to seek an indictment not upon testimony which the grand jury has heard, but upon selected portions of the testimony of one or more witnesses given before another grand jury. Other portions of the testimony of a witness may qualify, explain or even contradict what he said at one point in his testimony.

The Division suggests that if an indictment is returned in the Southern District of California, a motion might be made in that Court to dismiss the indictment on the ground that insufficient evidence had been presented to the Grand Jury. That, however, would not be an effective remedy for the use of an inadequate summary nor for the loss by the Grand Jury of the opportunity to see the witnesses, judge their credibility and ask them additional questions. In United States v. United States Rubber Co., D.Colo., Crim. No. 16044, cited by the Division, such a motion was made in the District of Colorado after the Northern District of Illinois had entered an order similar to the order which the Division seeks in the instant case. It appears from the transcript of the hearing on the motion in the District of Colorado that Judge Arraj disapproved the practice of presenting a case to one grand jury in the form of a summary of testimony given before another grand jury; but he denied the motion in view of the ruling in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406,

100 L.Ed. 397, that a grand jury may return an indictment based on hearsay testimony.[2]

■ This Court believes that if any part of the testimony of a witness is to be read to another grand jury, the entire testimony of that witness should be read to the grand jury; and that the Division should not be permitted to disclose in the form of summaries, however carefully prepared, selected portions of the testimony given before the Grand Jury in Maryland.

■ There remains only the question whether the Division should be authorized to disclose to the Grand Jury in California (a) the entire transcript of the proceedings before the Grand Jury in Maryland, (b) the entire transcript of the testimony of such witnesses as the Division may select, (c) the entire transcript of the testimony of such witnesses as may be dead, ill or otherwise incapacitated, or (d) in addition to those included in (c), the entire transcript of the testimony of any witnesses who are unavailable for any reason. This Court has concluded that the last alternative is the fairest. Leave to use the testimony of any witness who may be dead, ill or otherwise incapacitated, or prevented from attending when subpoenaed by absence from the country will be granted at this time. The Court will rule promptly and is disposed to rule liberally on any requests which may be made by the Division for disclosure because of unavailability of a witness for other reasons, e. g. if his availability is restricted by some act of his employer. But the Court believes that live testimony, if available, is better and fairer than recorded testimony.

The transcript of the testimony given in Maryland by any witness who is called by the Grand Jury in California may be used to refresh the recollection of that witness or to show that he testified differently in Maryland and in California, if any such instance occurs.

In limiting the disclosure which will be permitted, this Court is not attempting to supervise the proceedings of the Grand Jury in the Southern District of California. That Court alone has the power to supervise its Grand Jury.

Counsel will submit an order giving effect to this opinion.

---

2. This Court does not intimate any criticism of the action of the Northern District of Illinois nor of the Northern District of California, which entered a similar order in another case. Those orders were entered ex parte and do not show the reasons why they were entered, and the Division has declined to tell this Court what the circumstances were.