**UNITED STATES of America**
**v.**
**The E. H. KOESTER BAKERY COMPANY et al.**

**UNITED STATES of America**
**v.**
**SWEETHEART BAKERS, INC., et al.**
**Crim. Nos. 71-0315, 71-0316.**

United States District Court, D. Maryland.
Nov. 18, 1971.

George Beall, U. S. Atty. for District of Maryland, Joseph E. Waters, Gary M. Cohen, Edw. P. Henneberry, Attys., Department of Justice, for the United States of America.

Herbert R. O'Conor, Jr., Casimir M. Zacharski, Jr., Baltimore, Md., for E. H. Koester Bakery Co. and Richard Koester.

George W. Liebmann, Robert G. Levy, Baltimore, Md., for Schmidt Baking Co., Inc.

William C. Rogers, Jr., Baltimore, Md., Donald Green, Joel Hoffman and James Douglas Welch, Washington, D. C., for Hauswald Bakery and John Hauswald.

James H. Langrall and George Cochran Doub, Baltimore, Md., for Sweetheart Bakers, Inc.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

On July 29, 1971, a special grand jury for the District of Maryland indicted the defendants in the above-captioned cases, charging that they had engaged in a continuing combination and conspiracy in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. Section 1). Defendants thereafter filed numerous motions seeking to have the indictments dismissed for various reasons. The Court will here deal with three of these motions to dismiss and their related discovery motions which were the subject of oral argument heard on November 9, 1971.

All of the defendants in Criminal No. 71–0315 and all of the defendants except Sweetheart Bakers, Inc. in Criminal No. 71–0316 have joined in moving that this Court dismiss the indictments pursuant to the following motions:[1]

1. Motion to Dismiss Indictment on Grounds that it was Founded on the Fruits of Statements Improperly Obtained.

2. Motion to Dismiss Indictment on Grounds of Improper Use of Successive Grand Juries.

3. Motion to Dismiss Indictment on Grounds of Improper Intrusion on the Attorney-Client Privilege.[2]

Seeking to obtain evidence to support the aforementioned motions, defendants

---

1. Hereinafter the moving parties will simply be referred to as "defendants."

2. These motions on the court docket are numbered respectively 4, 5 and 6.

made the following motions for discovery:

1. Motion for Discovery of Materials Relating to Improperly Obtained Statements.

2. Motion for Discovery of Materials Relating to Use of Successive Grand Juries and Misuse of the Grand Jury Process.

3. Motion for Discovery of Grand Jury Minutes Relative to Intrusion on the Attorney-Client Privilege.[3]

Memoranda were filed by defendants in support of their motions, opposition memoranda were filed by counsel for the Government, and oral argument was heard on these motions. The court's disposition on each of these motions to dismiss the indictments follows.

I. *Motion to Dismiss Indictment on Grounds that it was Founded on the Fruits of Statements Improperly Obtained* and *Motion for Discovery of Materials Relating to Improperly Obtained Statements.*

Defendants alleged, and the Government denied, that the indictments were founded on the statements and materials and the fruits of statements and materials obtained by Federal Trade Commission ("FTC") investigators in violation of FTC regulations which state that: "Any person under investigation compelled or requested to furnish information or documentary evidence shall be advised with respect to the purpose and scope of the investigation."[4] Defendants strongly urged that when the FTC made its investigation of the Baltimore baking industry, eventual criminal prosecution of the defendants must have been contemplated. Defendants contend that by failing to warn them of the true purpose of the investigation, the FTC investigators violated the FTC rules and contravened the Fifth and Sixth Amendment rights of the individual defendants and the Sixth Amendment rights of the corporate defendants, thereby rendering any evidence obtained by the investigators illegal and inadmissible at a grand jury proceeding. Defendants further alleged that the evidence eventually presented to the grand jury by the Antitrust Division of the Department of Justice ("Justice Department") was the fruit of the earlier FTC investigation, and was therefore inadmissible. As the indictments returned were thus said to be based on evidence illegally obtained, defendants urged that they must be dismissed.

The Government opposed this motion on the ground that the indictments were in no way founded on statements and materials or fruits of statements and materials secured by FTC investigators. Justice Department counsel emphatically and categorically denied that the evidence presented to the grand jury was the product of the earlier FTC investigation. Rather, he stated in argument that the evidence presented to the grand jury was evidence obtained by the Justice Department in a completely independent investigation neither based on nor conducted in cooperation with any FTC investigation. Government counsel further stated that at no time was there any communication between the FTC and the Justice Department relating to this matter other than the ordinary liaison notification from one bureau to the other that an investigation had begun.[5] J. E. Waters of the Antitrust Division of the Department of Justice submitted a personal affidavit in support of the Government's position.

After hearing the statements of Mr. Waters, counsel for defendants withdrew their Motion to Dismiss Indictment on Grounds that it was Founded on the Fruits of Statements Improperly Obtained and withdrew their Motion for Discovery of Materials Relating to Im-

---

3. These motions on the court docket are numbered respectively 11, 12 and 13.

4. 16 C.F.R. Chap. 1, Subchap. A, Sec. 2.6.

5. Apparently the purpose of this routine notification procedure is to avoid having the FTC and the Justice Department investigate the same matter at the same time.

properly Obtained Statements. Accordingly, these motions are hereby declared "Moot" and the Court need make no other determination concerning them.

II. *Motion to Dismiss Indictment on Grounds of Improper Use of Successive Grand Juries and Motion for Discovery of Materials Relating to Use of Successive Grand Juries and Misuse of the Grand Jury Process.*

On this motion to dismiss the indictments, defendants seek to have the indictments quashed on three grounds:

1. Documents subpoenaed by and presented to the first grand jury should not have been presented to the special grand jury ("second grand jury") without the Government having first obtained leave of court to do so.

2. Defendants were deprived of a prompt indictment which Rule 6(g) of the Federal Rules of Criminal Procedure secures to them in that no indictment was returned within eighteen months after the investigation of defendants began.

3. The use by the Government of two successive grand juries to investigate identical alleged conspiracies in the same district constitutes harassment and an abuse and misuse of the grand jury procedure in violation of the due process clause of the Fifth Amendment and defendants' rights under Rule 6(g) of the Federal Rules of Criminal Procedure.

Hoping to factually support these contentions, defendants sought discovery of the following matters:

"1. Disclosure by the Government of the date of convening of the first grand jury considering proceedings against the defendants in the United States District Court for the District of Maryland, the date of the first issuance of a subpoena duces tecum by such grand jury, the date of the first issuance of a subpoena for testimony by such grand jury, the date of the first receipt of documents by such grand jury, the date of the first receipt of testimony by such grand jury, the date of dissolution of such grand jury, and identical information relating to the second or special grand jury returning the indictment in this matter.

"2. All petitions, motions and orders of court relating to the convening and/or discharge of the two grand juries.

"3. A listing of all materials subpoenaed by the first grand jury and all testimony taken by the first grand jury and a statement as to which of these documents and what of this testimony was submitted to the second grand jury.

"4. All documents and memoranda relating to the commencement of the Federal Trade Commission Economic Survey of the Baking Industry and all documents and memoranda relating to the decision by the Federal Trade Commission to make Baltimore one of the six target cities of this investigation, together with all memoranda within the Federal Trade Commission relating to the institution or possible institution of administrative, civil or criminal proceedings against the defendants here or any of them, whenever generated, and all correspondence between the Federal Trade Commission and the Department of Justice relating to such proceedings."

As to the requests made in paragraphs 1 and 2 of defendants' motion, the Government has said it will produce this information.

■ As to the information sought in paragraph 3 relating to the documents subpoenaed by the first grand jury and the testimony taken by the first grand jury, which documents and testimony might have been submitted to the second grand jury, the Government has stated in open court that no evidence, either testimonial or documentary, was ever presented to the first grand jury. Thus, the request for all testimony taken by the first grand jury and later submitted to the second grand jury is rendered moot by the fact that no testimony falling within this category exists.

As to the request for a listing of all documents subpoenaed by the first grand jury which were subsequently submitted to the second grand jury, sufficient information has been presented to the court in the form of both written memoranda and oral argument to enable this court to decide on the merits the question of whether the Government erred when it presented documents subpoenaed by the first grand jury to the second grand jury. Since this court finds the Government did not so err, the discovery sought in paragraph 3 relating to the subpoenaed documents is, *a fortiori*, denied.

Defendants argued that once a grand jury subpoenas documents, they become the property of that grand jury, and, therefore, such documents cannot be presented to a second or later grand jury without leave of court. When the grand jury is dismissed, the subpoenaed documents must be returned to their owners, and it is, defendants contend, an abuse of the grand jury process for the prosecution to keep these documents and present them to a later grand jury without first obtaining leave of court to do so.

The Government on the other hand maintains that they did not need leave of court to present any of the documents to the second grand jury. Moreover, that even if such a court order were necessary, the Government had gotten an order allowing them to impound the documents, and this impounding order satisfies the alleged requirement that the prosecution must get leave of court to present documents subpoenaed by one grand jury to a later grand jury.

To support this position, defendants place their main reliance upon In re Grand Jury Investigation of Banana Industry, 214 F.Supp. 856 (D.Md.1963), which, according to defendants, stands for the proposition that materials considered by one grand jury may not be disclosed to or utilized by another grand jury without leave of court. However, the *Banana Industry* case is clearly distinguishable from the instant case.

The question before the court in the *Banana Industry* case was whether the Antitrust Division of the Department of Justice could disclose to a grand jury in California selected portions of transcribed oral testimony previously presented to a grand jury in Maryland and contained in the minutes of the Maryland grand jury. That case is distinguishable from the case at hand for a number of reasons.

First, transcribed oral testimony found in grand jury minutes was involved in the *Banana Industry* case. Here, not only are we concerned solely with documents, but no grand jury minutes even exist, since no oral testimony was presented to the first grand jury. Furthermore, the subpoenaed documents themselves were never studied by the grand jury. Thus, in the instant case, there is no problem of violating grand jury secrecy by disclosing grand jury minutes.

Secondly, in the *Banana Industry* case the first grand jury had pursued the investigation for a year but was dismissed before it could return an indictment. Subsequently, a narrower investigation was begun in another district. In the case at bar the first grand jury not only never heard any testimony, it never even had any documents presented to it. The extent of the first grand jury's activity was to subpoena the documents, and this activity alone would not prevent a later grand jury from having these documents presented to it.[6] If what defendants contend is that when the first grand jury was dismissed, it should have returned the documents to the defendants, and that if the second grand jury desired to see these docu-

6. It appears from statements made by government counsel at the argument on the motions that the first grand jury's activity was so limited because a manpower shortage in the United States Attorney's office in this District required that the Antitrust Division of the Justice Department assume control of the investigation and presentation of the case, which precluded consideration by the first grand jury within its three month term.

ments it should have issued new subpoenas, the court is of the opinion that if such a procedure was necessary, and it does not at this time decide that it was, that error was harmless under the circumstances of this case and would not justify quashing an indictment.[7]

■■ Finally, the two grand juries in the *Banana Industry* case were located in different judicial circuits. In the case at bar, not only were the first and second grand juries located in the same judicial district,[8] but the second grand jury was a special grand jury called into being to consider the exact matter which the general grand jury would have considered but did not because it was discharged before it could hear any evidence or testimony.

For the above reasons, this Court is of the opinion that the *Banana Industry* case is not controlling in the present matter. The Court finds especially significant the fact that the first grand jury in the instant case heard no testimony and saw no documents. The purpose of a court order in connection with successive grand juries is to guard against prejudice to defendants which might result where one grand jury has failed to indict and government counsel seeks to be selective in the matters to be presented to another grand jury convened to consider the same subject matter. Here there could have been no possible prejudice to the defendants, since the first grand jury saw no documents and heard no testimony and therefore no part of any testimony taken before a previous grand jury nor any documents seen by them were used a second time.[9] Accordingly, it is ordered that that part of defendants' Motion to Dismiss Indictment on Grounds of Improper Use of Successive Grand Juries dealing with the presentation of documents subpoenaed by one grand jury to a second grand jury is hereby denied.[10]

III. *Motion to Dismiss Indictment on Grounds of Improper Intrusion on the Attorney-Client Privilege and Motion for Discovery of Grand Jury Minutes Relative to Intrusion on the Attorney-Client Privilege.*

Defendants sought to quash the indictments on the grounds that the defendants were deprived of due process of law and of their Sixth Amendment right to the effective assistance of counsel by alleged willful and repeated inquiry by Government counsel of witnesses before the grand jury as to what they were advised by their counsel and as to their communications with their counsel.

In order to support their contentions, defendants moved for discovery of those portions of the grand jury minutes reflecting inquiry of witnesses as to the fact, nature and substance of communications with counsel for defendants.

7. In this connection the court notes that although the defendants must have been aware of the discharge of the general grand jury, they have not at any time requested the return of the subpoenaed documents.

8. This fact was found sufficient to distinguish the *Banana Industry* case in United States v. Garcia, 420 F.2d 309 (2nd Cir. 1970).

9. Because of this finding there is no need to rule on the Government's second contention that the impounding order satisfies the alleged necessity of obtaining leave of court to present documents subpoenaed by one grand jury to a second grand jury.

10. It should be noted that in connection with the materials sought in paragraph 4 of their motion for discovery, defendants withdrew this request because of the information given by the Government that, aside from the routine liaison notification between the FTC and the Justice Department regarding the commencement of investigations, there was no communication between the FTC and the Justice Department relating to the instant proceedings. However, the Government has promised to supply defendants with a written memorandum stating the date of the liaison notification and stating that this was the only communication regarding this case between the FTC and the Justice Department. The Court finds this disposition satisfactory and determinative of the request for discovery contained in par. 4 of defendants' motion.

 The Government opposed these motions on the ground that the line of questioning conducted by the Government attorneys was quite proper and did not violate any attorney-client privileges. According to the Government, the purpose of the questions asked was to determine whether the witnesses had been apprised of both their rights and responsibilities in testifying before a grand jury. The Government submitted to the Court page-line references to those portions of the grand jury minutes dealing with questioning of witnesses about any such communications. The Government sought an *in camera* examination by the Court of these portions of the grand jury minutes.

In order to protect the secrecy of the grand jury proceedings, this Court has carefully examined *in camera* these portions of the grand jury minutes. This Court is convinced that the Government's line of questioning did not intrude upon any attorney-client privilege. Rather, the Court is satisfied that the Government's questions were directed to insuring that the witnesses were aware of their rights, as well as their duties, while testifying before the grand jury.

For the above reasons, defendants' Motion to Dismiss Indictment on Grounds of Improper Intrusion on the Attorney-Client Privilege and defendants' Motion for Discovery of Grand Jury Minutes Relative to Intrusion on the Attorney-Client Privilege are hereby ordered denied.

In summary, the rulings of the Court on the motions considered are as follows:

1. Defendants' Motion to Dismiss Indictment on Grounds that it was Founded on the Fruits of Statements Improperly Obtained and defendants' Motion for Discovery of Materials Relating to Improperly Obtained Statements were withdrawn by the defendants and are therefore "moot".

2. As to defendants' Motion to Dismiss Indictment on Grounds of Improper Use of Successive Grand Juries and defendants' Motion for Discovery of Materials Relating to Use of Successive Grand Juries and Misuse of the Grand Jury Process, the Government has said it will produce the discovery sought in paragraphs 1, 2 and the last clause of paragraph 4 of defendants' discovery motion, the defendants have acceded to this, and the Court so orders. As to the materials sought in paragraph 3 of the discovery motion, the Court denies such request for discovery and dismisses that part of the underlying motion to dismiss the indictment based on the alleged disclosure of subpoenaed documents as being without merit.

3. Defendants' Motion to Dismiss Indictment on Grounds of Improper Intrusion on the Attorney-Client Privilege and defendants' Motion for Discovery of Grand Jury Minutes Relative to Intrusion on the Attorney-Client Privilege are denied for lack of merit.