**UNITED STATES of America**

v.

**H. Ronald SHANE, Shane Meat Co., Inc.**

**Crim. No. 84–00083.**

United States District Court,
E.D. Pennsylvania.

April 13, 1984.

John F. Sutphen, Sp. Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Jeffrey M. Miller, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendants have moved to dismiss this indictment for abuses of the grand jury process. In the alternative, defendants have moved for release to them of grand jury materials pursuant to Fed.R.Crim.P. 6(e)(3)(C)(ii). Defendants allege three sorts of possible abuses of the grand jury process which I consider independently.

(1) *Improper Transfer of Materials Between Grand Juries*

Apparently, three grand juries participated in the investigation of this case. A first grand jury subpoenaed certain documents but expired on August 4, 1982, without having heard any live testimony. The Government then transferred the documents from the first grand jury to a second grand jury without a court order. The second grand jury heard testimony at certain times until its expiration on January 31, 1984. In February, 1984, the Government again transferred the materials pertinent to this investigation from the second grand jury to a third grand jury empanelled February 1. This third grand jury returned the instant indictment. The Government again did not obtain a court order authorizing this transfer of materials.

Defendants contend that the transfer of materials from one grand jury to another violates the rule of grand jury secrecy un-

less the Government obtains an order pursuant to Fed.R.Crim.P. 6(e)(3)(C) authorizing disclosure to the later grand jury. Because the Government obtained no order authorizing either transfer in this case, defendants contend that I must dismiss this indictment.

■ The transfer from the second to the third grand jury clearly did not require a court order. On April 28, 1983, the Supreme Court amended rule 6(e)(3)(C). The amendment took effect on August 1. The amendment added paragraph 6(e)(3)(C)(iii) which specifically authorizes disclosures by the Government to subsequent grand juries without a court order. The transfer between the second and the third grand jury in this case occurred after the effective date of the amendment to Rule 6. Therefore, the Government did not need to obtain a court order to effect that transfer.

■ The transfer between the first and second grand juries presents a more difficult problem because this court must now determine the state of the law before the adoption of Fed.R.Crim.P. 6(e)(3)(C)(iii). The Advisory Committee viewed the amendment as a limited change in the law. "Even absent a specific provision to that effect, the courts have permitted such disclosure in some circumstances." Fed.R.Crim.P. 6(e)(3)(C)(iii) advisory committee note.

Our Court of Appeals seems never to have ruled on the necessity of a court order authorizing a transfer of materials. The Government cites *Robert Hawthorne, Inc. v. Director of Internal Revenue*, 406 F.Supp. 1098, 1116 (E.D.Pa.1976), for the proposition that such an order was not required. That case is not directly on point, however. In *Hawthorne*, Judge Becker expressed the view that a later grand jury could subpoena materials considered by an earlier grand jury without a Rule 6(e) order.

Before August, 1984, some courts took the position that disclosure between grand juries in the same district did not constitute an abuse of the grand jury process. *See,*

*e.g., United States v. E.H. Koester Bakery Co.*, 334 F.Supp. 377 (D.Md.1971); *cf. In re Grand Jury Investigation of Banana Industry*, 214 F.Supp. 856 (D.Md.1963) (improper without court order when different districts). Other courts have taken the position that disclosure between grand juries violated Rule 6(e), but did not warrant dismissal of the indictment. *See, e.g., United States v. Malatesta*, 583 F.2d 748, 752–754 (5th Cir.1978), *cert. denied*, 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979); *United States v. Lawson*, 502 F.Supp. 158, 166–167 (D.Md.1980); *see also In re Grand Jury Proceedings*, 658 F.2d 782, 783 (10th Cir.1981) (adverting to problem).

As the foregoing suggests, I have found no reported case in which a court dismissed an indictment on the ground that the Government transferred materials without a court order from one grand jury to another in the same judicial district in the course of a continuing investigation. I therefore see no merit in defendants' motion to dismiss this indictment on the ground that no court order authorized the transfer from grand jury one to grand jury two.

*(2) Utilization of Summaries*

Defendants assert that their counsel "believes that the Government may have improperly utilized summaries of some of the pre-existing grand jury evidence." Defendants' motion at 3. The Government "denies utilizing any summaries of any grand jury evidence at anytime [*sic*]." Government's Response at 2.

Chief Judge Lord has held that the use of summaries "is inherently suspect." *United States v. Mahoney*, 495 F.Supp. 1270, 1276 (E.D.Pa.1980); *see also Id.* at 1275 n. 6 (citing cases). The Government in *Mahoney* admitted that it had used summaries. The Government denies using summaries in this case. Defendants desire access to the grand jury's transcripts in order to substantiate their claim that the Government used summaries in a way justifying dismissal of the indictment.

■ This court cannot order disclosure of grand jury materials to the defendants

unless they establish "particularized need" as described in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). *See, e.g., Mahoney*, 495 F.Supp. at 1272–1273. As Judge Caldwell has aptly stated, this creates a peculiar situation:

> In the present case, defendant's motion and brief present something of a "catch-22" situation. Defendant contends that there may be grounds for a motion to dismiss the indictment but that the only way he can tell is to inspect the grand jury minutes. Yet in order to inspect the minutes, defendant must show a particularized need therefor.

*United States v. Lovecchio*, 561 F.Supp. 221, 232 (M.D.Pa.1983).

Drawing on Judge Lord's analysis in *Mahoney*, three questions arise in this situation. *First*, whether grounds exist for examining the grand jury transcripts. *Second*, whether the court should undertake this examination *ex parte, in camera*, or whether defendants should have access to the grand jury materials. *Third*, whether grounds exist for dismissing the indictment. With these three issues in mind, the parties ought to follow a reasonable procedure to address them.

Under Fed.R.Crim.P. 6(e)(3)(C)(ii), courts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants. *See, e.g., Lovecchio*, 561 F.Supp. at 232; *United States v. Simon*, 510 F.Supp. 232, 235–236 (E.D.Pa.1981); *United States v. Shober*, 489 F.Supp. 393, 412 (E.D.Pa.1979). Nor should a court undertake an extended *in camera* review of grand jury materials on the basis of mere unsupported pleadings. A defendant moving to dismiss an indictment on the ground that the indicting grand jury was improperly furnished summaries of prior grand jury testimony should document his allegations with affidavits or other proferred evidence. Such affidavits or other evidence should be of a particularity sufficient to support a finding that "inherently suspect" procedures were used before the grand jury. The Government in responding to such a motion should rely not simply on unsupported pleadings but on affidavits or other evidence tending to support a contrary finding.

If the court finds that defendants have raised a factual issue as to the use of "inherently suspect" procedures, the court may then examine the grand jury records *in camera* to determine the fact of the matter. If the court finds that the Government furnished summaries to the indicting grand jury, the court will then have to determine whether the use of such summaries warrants dismissal of the indictment. But before making that determination, the court must decide whether it will (a) review the propriety of the summaries' use *ex parte, in camera*, or (b) order release of the grand jury's records to defendants and permit defendants to supplement their motion on the basis of those records.

In *Mahoney*, Judge Lord suggested that this second procedural question turned on the Government's motive in using the summaries:

> The prosecutor's burden is to demonstrate good faith in their use. This can be shown by the existence of a very lengthy record, portions of which are not relevant in the prosecutor's estimation to a finding of probable cause. It should be clear, however, that relevance alone as a justification cannot be sufficient to demonstrate good faith, for it leaves in the hands of the prosecutor an editorial decision of grave importance. Rather, relevance can be argued as one of several factors in a carefully thought-out decision not to transmit the full transcript to the grand jury. Further, that the prosecutor provided the grand jury with opportunities for hearing or viewing the entire record, or portions in their entirety, would show good faith.

*Mahoney*, 495 F.Supp. at 1276. In *Mahoney*, the Government could only give administrative convenience as the reason for using summaries. This did not establish good faith and therefore, as Judge Lord held, warranted disclosure to the defendant

of the grand jury transcripts. *Id.* In a case where the Government can establish good faith, the probability is less that the prosecution has improperly used the grand jury process; in such a case, the court need only conduct an *in camera* review. *Id.*

Once the court has determined the procedure for investigating the propriety of the Government's use of summaries, if any summaries were used, the court must determine whether the use of summaries necessitates dismissal of the indictment. Judge Lord analyzed this last problem in a separate opinion. *See United States v. Mahoney,* 508 F.Supp. 263 (E.D.Pa.1981).

■ The use of summaries constitutes a possibly improper use of hearsay evidence.

> [A]n indictment based on hearsay is invalid where (1) non-hearsay evidence is readily available; (2) the grand jury is misled into believing it was hearing direct testimony rather than hearsay; and (3) there is a high probability that had the grand jury heard the eyewitness it would not have indicted.

*United States v. Wander,* 601 F.2d 1251, 1260 (3d Cir.1979); *United States v. Cruz,* 478 F.2d 408, 410 (5th Cir.1973), *cert. denied,* 414 U.S. 910, 94 S.Ct. 259, 38 L.Ed.2d 148 (1973); *United States v. Mahoney,* 508 F.Supp. at 267; *see also United States v. Estepa,* 471 F.2d 1132 (2d Cir.1972). However, the use of summaries does not always result in an invalid indictment. In *Mahoney,* for example, Judge Lord found that the grand jury would, in all probability, have returned an indictment had it heard the full transcripts or live testimony. 508 F.Supp. at 267.

■ Neither defendants nor the Government has done more than plead the use or non-use of summaries. This court can neither grant defendants' motion to dismiss nor grant defendants' motion for disclosure under Rule 6(e)(3)(C)(ii) on the basis of mere pleadings. The court is reluctant, however, to deny the motion without according defendants and the Government an opportunity to supplement their original motion and response. Accordingly, the accompanying Order establishes a schedule for submission of evidence tending to support or negate a finding that the Government used summaries of prior grand jury testimony before any of the grand juries in this case.

### (3) *Estepa Violation*

Defendants have also made a more general assertion concerning the improper use of hearsay evidence before the grand jury in violation of *United States v. Estepa,* 471 F.2d 1132 (2d Cir.1972); *see also United States v. Wander,* 601 F.2d 1251 (3d Cir. 1979). The Government has simply denied this assertion.

As suggested above, the use of summaries of prior grand jury testimony is simply one instance of the potentially improper use of hearsay before a grand jury. The procedure as to the alleged use of summaries, outlined in the preceding section of this Memorandum, may be followed here. Defendants must first present evidence supporting their suspicion that the Government improperly presented hearsay evidence to the grand jury. The Government may then present evidence tending to support the contrary conclusion. If a factual issue remains, the court will examine the grand jury materials to determine the fact of the matter. Then, the court must determine whether the Government used any such potentially improper material in good faith. If the Government used potentially improper material, but did so in good faith, then the court will determine the validity of the indictments *ex parte, in camera.* If the Government cannot meet its burden of showing good faith, however, the court will disclose the grand jury transcripts to defendants pursuant to Fed.R.Crim.P. 6(e)(3)(C)(ii) and permit defendants to supplement their motion to dismiss with those materials.

### ORDER

For the reasons stated in the accompanying Memorandum:

(1) Defendants' motion to dismiss on the ground that the Government improperly

transferred materials between grand juries without a court order is DENIED.

(2) Defendants shall have until April 19, 1984, to present affidavits sufficient to support a finding that:

(a) the Government submitted summaries of prior grand jury testimony to any of the grand juries which investigated this case;

(b) the Government improperly submitted hearsay or other testimony to any of the grand juries which investigated this case.

(3) The Government shall have until April 23, 1984, to present affidavits rebutting any affidavits presented by defendants pursuant to paragraph (2) of this Order.

(4) Other than the ground mentioned in paragraph (1) of this Order, the court RETAINS UNDER ADVISEMENT defendants' motion to dismiss the indictment or for release of grand jury materials pending the showings contemplated by paragraphs (2) and (3) of this Order.