**UNITED STATES of America,**

v.

**LOC TIEN NGUYEN**

No. CRIM. 03–48–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 22, 2004.

James L. Trump, Asst. U.S. Atty., Kimberly R. Pedersen, Asst. U.S. Atty., United States Attorney's Office, Alexandria, VA, for U.S.

Marvin D. Miller, Esquire, Law Offices of Marvin D. Miller, Alexandria, VA, for Defendant.

### MEMORANDUM OPINION

ELLIS, District Judge.

At issue in this multi-count RICO prosecution is whether Loc Tien Nguyen, one of four remaining defendants,[1] is entitled to disclosure of, and access to, certain grand jury information on the generalized ground that such information is necessary to protect his constitutional right to due process and equal protection of the law. In other words, Nguyen does not specify or identify any grand jury violation of his constitutional rights, but argues that he requires a variety of grand jury information to ascertain whether his rights have been violated.

For the reasons that follow, Nguyen's motion fails.

### I.

For a description of the charges and allegations in this matter, see *United States v. Cuong Gia Le et al.,* 310 F.Supp.2d 763 (E.D.Va.2004).[2] A brief summary suffices here.

In brief, the government alleges that the defendants, including Loc Tien Nguyen, are active members of a criminal enter-

---

1. There have been six indictments in this case: the original indictment and five (5) superseding indictments. The original indictment and the First Superseding Indictment did not charge Loc Tien Nguyen. He was not charged until the Second Superseding Indictment. Of the seven defendants indicted together in the Second Superseding Indictment and all subsequent Superseding Indictments, three have pled guilty. For a description of all the indictments in this case up to the Fourth Superseding Indictment, see *United States v. Cuong Gia Le, et al.,* 310 F.Supp.2d 763 (E.D.Va.2004).

2. A Fifth Superseding Indictment issued after the memorandum opinion was filed and hence that version of the indictment is not described therein. The differences between the Fourth and Fifth Superseding Indictment are not material to the motion resolved here.

prise or gang known as the "Oriental Playboys" or "OPB." According to the government, the defendants and other OPB members used this enterprise to commit various crimes, including burglary, drug distribution, credit card fraud, murder, assault, robbery, and firearms violations in Virginia, Maryland, and elsewhere between August 2000 and July 2003, all for purposes of enriching OPB members and enhancing the power, status, and position of OPB among criminal youth gangs. Specifically, defendant Loc Tien Nguyen stands charged with three crimes: (i) conspiracy to commit assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(6); (ii) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c); and (iii) accessory after the fact to murder in violation of 18 U.S.C. § 3.[3]

The matter is now in the discovery and trial preparation stage. Nguyen moves for disclosure of a host of information with respect to each of the superseding indictments in the case, not to substantiate an identified claim of grand jury abuse or impropriety, but rather to search for any such abuse or impropriety in an effort to determine whether his rights have been violated. Specifically, Nguyen seeks the following data and information:

(1) The identity and/or designation of each grand jury that returned an indictment in the case;

(2) The number of grand jurors present at each session during which each indictment and the evidence relating thereto or to Loc Tien Nguyen was considered;

(3) The number of grand jurors present during the deliberations on the presentment of each indictment;

(4) The number of grand jurors concurring in the presentment of each count in each of the indictments;

(5) The identity of any and all grand jurors who were disciplined, removed, or subject to any action whatsoever, if any, because of any impropriety or alleged impropriety that occurred during their service;

(6) The identity of any agents appointed by or to each grand jury that returned an indictment in this case and by whose request and by what authority such appointments were made, as well as what disclosures were made to such individuals or any others;

(7) A copy of the instructions or the transcript of the instructions given to each grand jury as to their role and function and as to each offense and element thereof on which they were asked to vote in each indictment;

(8) The transcripts of the testimony of each witness who appeared before each grand jury regarding Loc Tien Nguyen or any of the charges presently or previously pending against him;

(9) The identity of each grand juror who is or has been connected with a state of federal law enforcement agency in each grand jury that returned an indictment in this case; and finally

(10) The date and amount of time each of the superseding indictments were presented to the grand jury which returned each superseding indictment.

Perhaps conscious of the breathtakingly broad range of grand jury information he

---

**3.** For a more detailed description of the allegations in the Fourth Superseding Indictment, including the charges against Nguyen, see *United States v. Loc Tien Nguyen,* 313 F.Supp.2d 579, 2004 WL 771013 (E.D.Va. Apr. 8, 2004), and *United States v. Cuong Gia Le, et al.,* 310 F.Supp.2d 763 (E.D.Va.2004).

seeks, Nguyen's counsel, at the conclusion of a recent hearing, emphasized his desire for disclosure of a narrower set of information: (1) the number of witnesses who appeared before the grand jury on the third, fourth, and fifth superseding indictments; (2) how long each of those witnesses was before the grand jury; and (3) how long each grand jury on the third, fourth, and fifth superseding indictments was in session.

## II.

The veil of secrecy that protects grand jury proceedings is well-established, as is the sensible rationale for such secrecy.[4] This important "long-established policy of maintaining the secrecy of grand jury proceedings" is codified in Rule 6(e), Fed. R. Crim P. *United States v. Penrod,* 609 F.2d 1092, 1096 (4th Cir.1979). The Rule admits of three exceptions—three circumstances in which a court may lift the veil of secrecy. Specifically, courts can order the disclosure of grand jury matters: (i) preliminarily to, or in connection with, a judi-

cial proceeding; (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury; and (iii) to state, Indian tribal, or military law enforcement officials. *See* Rule 6(e)(3)(E), Fed.R.Crim.P.

■ It is obvious, of course, that the third exception does not apply here. Although less obvious, it is equally true that the first exception also does not apply. While Nguyen's criminal trial is certainly a "judicial proceeding," it is settled that the first exception applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment. *See, e.g., United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) (defendants in a civil suit brought by the government under the Sherman Act unsuccessfully sought disclosure of grand jury transcripts used by the government under verbatim predecessor to Rule 6(e)(3)(E)(ii))[5]. This is clear because ap-

---

**4.** *See Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.").

As the Supreme Court has emphasized, the secrecy of grand jury proceedings serves:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the

fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219 n. 10, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) (internal quotation marks omitted). This is so even when the grand jury has concluded its operations, "[f]or in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* at 222, 99 S.Ct. 1667.

**5.** Rule 6(e)(3)(E)(i), Fed.R.Crim.P., states that matters occurring before a grand jury can be disclosed when directed by a court "preliminarily to or in connection with a judicial proceeding." This language has appeared verbatim in Rule 6(e) since the Federal Rules of Criminal Procedure were adopted in 1946. *See* Susan W. Brenner et al., *Federal Grand Jury: A Guide to Law & Practice* § 9.1.2

plication of the first exception in circumstances like those at bar would render the second exception superfluous, as the first exception would always encompass the second. *See Virginia v. Browner,* 80 F.3d 869, 877 (4th Cir.1996) (a court should not "construe a statute in a manner that reduces some of its terms to mere surplusage").[6] The question, then, is whether the second exception applies to this case.

■ By its plain terms, the second exception is intended to allow disclosure of grand jury matters only where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Rule 6(e)(3)(E)(ii), Fed.R.Crim.P. This provision is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred. Because grand jury proceedings are entitled to a strong presumption of regularity,[7] a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *United States v. Abcasis,* 785 F.Supp. 1113, 1119 (E.D.N.Y.1992); *see also United States v. Breitkreutz,* 977 F.2d 214, 217 (6th Cir.1992); *United States v. McKie,* 831 F.2d 819, 821 (8th Cir.1987); *United States v. Lisinski,* 728 F.2d 887, 893 (7th Cir.1984), *cert. denied* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984). Nor can this burden be satisfied with "conclusory or speculative allegations of misconduct." *United States v. Morgan,* 845 F.Supp. 934, 941 (D.Conn.1994); *accord Abcasis,* 785 F.Supp. at 1119.[8] Indeed, some courts have held that a defendant must support allegations of grand jury misconduct or abuse "with affidavits or other proffered evidence" and that "[s]uch affidavits or other evidence should be of a particularity sufficient to support a finding that 'inherently suspect' procedures were used before the grand jury." *See, e.g., United States v. Shane,* 584 F.Supp. 364, 367 (E.D.Pa.1984).

■ Nothing of the sort exists here; it is, instead, pellucidly clear that Nguyen has failed to meet his burden of establish-

(Supp.2004). It was moved to Rule 6(e)(3)(C)(i) in 1977, and again in 2002 to Rule 6(e)(3)(E)(i), as part of a renumbering of the Rule. *Id.*

6. Even if applicable, the first exception would not change the outcome here. A party seeking grand jury materials under the first exception must demonstrate that he has a "particularized need" to use those materials. *See United States v. Sells Engineering, Inc.,* 463 U.S. 418, 442–43, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). To establish a particularized need, parties "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas,* 441 U.S. at 222, 99 S.Ct. 1667. As discussed elsewhere in this memorandum opinion, *see supra* pp. 616–17, Nguyen makes no showing of a particularized need for the information he seeks. Invocation of general constitutional rights does not qualify as a particularized need justifying disclosure.

7. *See Hamling v. United States,* 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), *reh'g denied,* 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974).

8. *See also United States v. Rogers,* 960 F.2d 1501, 1512 (10th Cir.1992), *cert. denied* 506 U.S. 1035, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992) (unsubstantiated claims of grand jury misconduct insufficient to support disclosure of grand jury matters); *United States v. Singer,* 660 F.2d 1295, 1303 n. 15 (8th Cir.1981), *cert. denied* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982) (district court did not err in refusing to order disclosure because defendant "failed to show that grounds may have existed to dismiss the indictment").

ing that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Abcasis,* 785 F.Supp. at 1119. Indeed, his pleadings make clear that what he seeks is simply an opportunity to engage in a fishing expedition to see if any evidence exists to support a potential motion to dismiss the indictment. As his counsel puts it, "[i]f all is well, then there is no problem, but if not, it should be known so that it can be addressed." Because Nguyen has not presented one shred of evidence to support an allegation of grand jury irregularity or misconduct,[9] his request for grand jury data falls far short of the requirement to show "particularized and factually based grounds" of irregularities. *Abcasis,* 785 F.Supp. at 1119. Put differently, the desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings. A contrary rule would eviscerate the shield of secrecy protecting grand juries; the result would be that every defendant would seek the data sought here in the hope of discovering some ground to seek dismissal of the indictment. In sum, where, as here, a defendant proffers no evidence or basis to believe that any grand jury irregularity or impropriety exists, disclosure of grand jury matters is wholly unwarranted.

This conclusion is not altered by Nguyen's characterization of some of the grand jury information he seeks as "ministerial," nor is his related reliance on a Ninth Circuit panel's decision in *In re Special Grand Jury (for Anchorage, Alaska),* 674 F.2d 778 (9th Cir.1982), persuasive. There, unindicted subjects of a two-year grand jury investigation moved for access to certain records, including (i) orders authorizing summons and extension of a special grand jury, (ii) roll sheets reflecting the composition of the special grand jury, attendance records of the jurors and any substitutions, (iii) any written authority permitting a special prosecutor to present evidence to the special grand jury, and (iv) records setting forth the method by which the special grand jury was empaneled. *Id.* at 779 n. 1. In the portion of the opinion pertinent here,[10] the Ninth Circuit panel labeled these records "ministerial," but then took pains to make clear that its "use of this label should not be taken to indicate any settled judgment on our part that none of the records could be classified as 'matters occurring before the grand jury' as that expression is used in Rule 6(e)." *Id.* The panel further noted that even if some of the records sought could be classified as ministerial or not "occurring before the grand jury," this was not decisive for

---

**9.** At best, Nguyen can point only to the fact that there have been a total of six (6) indictments in this case, the last four of which name him as a defendant (the Second through the Fifth Superseding Indictments). Perhaps Nguyen is suggesting that it is improper for different grand juries to consider this matter. Even if true, this would not be a ground for dismissal. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (a successor grand jury may rely on evidence gathered by its predecessor); *United States v. Penrod,* 609 F.2d 1092, 1097 (4th Cir.1979) (a grand jury in one district may rely on evidence gathered by or for a grand

jury in another district). In any event, the concern is factually unfounded because all of the indictments that named Nguyen as a defendant (the Second through the Fifth Superseding Indictments) were issued by more than a quorum of the same grand jury.

**10.** Also treated in the panel's opinion, but not relevant here, were questions of (i) whether plaintiffs, who as unindicted subjects were essentially members of the general public, had standing to seek these records and (ii) whether the plaintiffs had taken proper procedural steps to obtain the records.

the protection of secrecy afforded grand jury matters may extend beyond the strict confines of Rule 6(e). In the words of the panel, "it cannot be assumed ... that the whole grand jury secrecy doctrine is encapsulated within the four corners of Rule 6(e)." *Id.* at 781. In the end, noting that the record was "cold," the panel left to the district court to consider and decide whether any of the ministerial records might nonetheless be entitled to the protection of secrecy given the strong policies underlying the secrecy doctrine. *Id.* at 784. As guidance to the district court, the panel specifically noted that disclosure of records identifying members of the grand jury would likely be subject to secrecy "to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors," a reason specifically mentioned by the Supreme Court in *Douglas* for grand jury secrecy. *Id.* at 781–82.

Properly understood, then, the Ninth Circuit panel decision is of little aid to Nguyen. In the first place, there is no rule in the Fourth Circuit that some grand jury records may be labeled as ministerial and disclosed to the public if they do not fall within the bounds of Rule 6(e) or otherwise offend the goals of the grand jury secrecy doctrine. Beyond this, however, it seems clear that many of the records sought by Nguyen do not deserve the "ministerial" label and, in any event, all the data sought, if disclosed, would undermine the functioning of the grand jury and thus this data deserves to be kept within the protection of the secrecy doctrine.

Even the narrower set of data Nguyen desires, *i.e.*, (1) the number of witnesses who appeared before the grand jury on the third, fourth, and fifth superseding indictments; (2) how long each of those witnesses was before the grand jury; and (3) how long each grand jury on the third, fourth, and fifth indictments was in session, cannot properly be characterized as ministerial. All of this data goes to the scope and breadth of the evidence presented to the grand jury, the substance of which is without doubt subject to secrecy. Unlike the records sought in *In re Special Grand Jury,* this information does not relate to administrative procedures for empaneling or extending the life of a grand jury. *See id.* at 779 n. 1. Instead, it relates to what was specifically presented to the grand jury for its deliberations and, as a result, it is non-ministerial information subject to grand jury secrecy. The remaining records sought by Nguyen, all of which are matters occurring before the grand jury, are clearly within the ambit of Rule 6(e), Fed.R.Crim.P. None of these records are sought with any basis to believe that the grand jury proceedings in this case were irregular or improper in any way and thus their disclosure is wholly unwarranted.

### III.

Accordingly, Loc Tien Nguyen's Motion for Disclosure of Grand Jury Information must be denied.

An appropriate order will issue.