In the Matter of Grand Jury Subpoenas Duces Tecum.

Rose GRAZIADEI and George R. Graziadei, Petitioners-Appellants,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14066.

United States Court of Appeals Seventh Circuit.

June 24, 1963.

914

The subpoenas, issued July 10, 1962, bore the Grand Jury investigation number 10786 and were returnable July 12, 1962. The petitioners appeared in response to the subpoenas on the date required and informed the Grand Jury of their intention to move to quash the subponeas. The motions to quash the subpoenas were filed July 26, 1962. At the September 27, 1962 hearing in the District Court on the motion to quash, the court stated, "I am not sure I will continue" the Grand Jury another month. The court ordered briefs to be filed by petitioner and the Government. On December 10, 1962, the court discharged the July 1962 Term Grand Jury. On December 13, 1962, the District Court denied the motions to quash the subpoenas.

On the basis of these facts, the Government has moved to dismiss the appeal on the ground of mootness.

We hold that the subpoenas were issued for the production of records before the July 1962 Term Grand Jury investigation number 10786; that the Grand Jury was discharged on December 10, 1962 and is no longer in existence; and that the issues made in challenging the validity of the subpoenas are moot. Loubriel v. United States, 9 F.2d 807 (2d Cir. 1926).[1]

In view of our holding, there is no merit in the contention that the Government *might* bring contempt proceedings, and that the Government *could* take steps to force petitioners to appear before another Grand Jury on the subpoenas at bar. We do not reach petitioner's argument that the Government's procedure in this case was an abuse of the District Court's process. As Judge Duffy stated in Harris v. Texas & Pacific Ry. Co., 196 F.2d 88, 90 (7th Cir. 1952): "[J]urisdiction of courts of the United States is limited to cases or controversies in law or in equity presenting justiciable

Donald S. Lowitz and Lowitz, Vihon & Lowitz, Chicago, Ill., for appellants.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., John Powers Crowley, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Petitioners appeal from an order denying their motion to quash "Grand Jury Subpoenas Duces Tecum."

1. There, Judge Learned Hand stated: "But the subpoena did not require his attendance before any other than the September grand jury. When that body adjourned, * * * [petitioner] was under no further duty to testify, and could, of course, be no longer compelled to discharge a duty which had ended." 9 F. 2d 807, at 809.

issues, and such courts do not have power or jurisdiction to render purely advisory opinions * * *."

The appeal is dismissed, and the cause is remanded with directions to vacate the order of December 13, 1962.