**In the Matter of the GRAND JURY, AUGUST, 1965.**

**Appeal of McCLINTOCK MERCANTILE COMPANY.**

**No. 15343.**

United States Court of Appeals Seventh Circuit.

May 23, 1966.

Harvey M. Silets, Chicago, Ill., for appellant.

Richard M. Roberts, Burton Berkley, Tax Div., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Lee A. Jackson, Joseph M. Howard, Burton Berkley, Attys., Dept. of Justice, Washington, D. C., John Peter Lulinski, Patrick J. Hughes, Jr., Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This appeal is from an order denying McClintock Mercantile Company's petition to quash a grand jury subpoena duces tecum directed to the company's accountants and commanding the production of the company's books and records. The government has moved in this court to dismiss the appeal on the ground of mootness. The motion is allowed.

The subpoena in question was issued by the court for the grand jury of the United States District Court for the Northern District of Illinois, August Term, 1965, and directed to Lybrand, Ross Brothers and Montgomery, the McClintock Mercantile Company's accountants. It commanded Mr. Kern of the accounting firm to appear before the grand jury "on the 31st day of August, A.D.1965, at 11:30 o'clock a. m. of said day," and to produce at that time and place company books and records "for

**918**

the period November, 1960, to date."
The grand jury summons bore the investigation No. 64 GJ 1948.

Mr. Kern's appearance, under the subpoena, was continued by agreement to September 2, 1965. On that day Mr. Kern appeared but refused to obey the command of the subpoena, upon advice of counsel. Subsequently, on the same day, the district court, after a hearing, denied the petition of McClintock Mercantile Company to quash the subpoena and ordered the records "be turned over to the August, 1965 Term Grand Jury pursuant to Subpoena." The order was stayed pending appeal.

The government's motion to dismiss the appeal is based upon the district court's order of April 1, 1966, discharging, on motion of the foreman, the August, 1965 session grand jury. In opposition to the motion to dismiss, McClintock Mercantile Company states that the subpoena does not specifically direct attendance before a particular grand jury. The Company anticipates that the "unqualified process" might require its accountant's attendance before "whatever federal grand jury is then sitting."

The subpoena is not unqualified or general in its command. It directs attendance on a certain day, at a certain hour, before the August term, 1965 of the grand jury. There is no basis for anxiety that the respondent can be required to appear under that subpoena and the court's order of September 2, 1965, before some other grand jury. Furthermore, in oral argument before this court the government attorney recognized the limited effect of the subpoena, and stated that the government could not and would not attempt to use that subpoena.

We hold that the subpoena duces tecum, in issue on this appeal, commanding "Lybrand, Ross Brothers and Montgomery * * * Attention: Mr. Kern" to appear before the August term, 1965 grand jury of the United States District Court, Northern District of Illinois, August 31, 1965 at 11:30 a. m., in proceeding No. 64 GJ 1948, and to produce the records of McClintock Mercantile Company, is functus officio, because the August term, 1965 grand jury is no longer in existence. The appeal is therefore moot and is hereby dismissed. Graziadei v. United States, 319 F.2d 913 (7th Cir. 1963).

Appeal dismissed.