**UNITED STATES of America**

v.

**Irwin HALPER, Defendant.**

**No. 77 Cr. 824.**

United States District Court,
S. D. New York.

April 16, 1979.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for the U. S., George E. Wilson, Asst. U. S. Atty., New York City, of counsel.

Bert H. Nisonoff, Forest Hills, N. Y., for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

The defendant moves to dismiss indictment 77 Cr. 824, charging him with income tax evasion in violation of 26 U.S.C., section 7204, or, in the alternative, to suppress certain evidence from use at trial. The genesis of this motion is the issuance of a subpoena duces tecum directing "any officer or the manager" of Professional Diagnostic Laboratories ("PDL") to appear before the grand jury on January 22, 1976 and produce specified books, records and documents of PDL. Irwin Halper, defendant herein, is the sole owner of PDL, a medical laboratory located in the Bronx. On advice of his attorney, he voluntarily complied with the subpoena. Subsequently, the grand jury which issued the subpoena concluded its term prior to taking final action on the case; defendant's request for the return of the subpoenaed documents was denied and a successor grand jury, convened in May 1976, continued the investigation.

Defendant argues that the government's retention of his records deprived him of the right to exercise his constitutional privilege against self-incrimination before the successor grand jury. In addition, although the Fourth Amendment is not explicitly cited, the repeated references in the moving papers to the retention of the documents as a "seizure" suggests the defendant is also claiming a violation of his Fourth Amendment rights. The motion for dismissal of the indictment or suppression of the evidence is premised on the foregoing alleged infringement of constitutional rights.

■ As to the request for dismissal of the indictment, our Court of Appeals has provided explicit guidance on the proper disposition. On appeal from defendant's conviction after a trial in which the instant indictment was consolidated with an indictment charging defendant with various forms of Medicaid fraud, the Court of Appeals held the consolidation improper, reversing and remanding for separate trials. Anticipating that the motion to dismiss, which had previously been made on the first trial, would be renewed, the Court stated that even if Halper were correct with respect to the alleged violation of his Fifth Amendment privilege, he "was not entitled to a dismissal of the indictment."[1] The Court's directive is clear and accordingly that portion of the motion requesting dismissal of the indictment is denied.

The answer to the remaining question, whether the books and records themselves and any evidence derived therefrom should be suppressed, turns on whether the government's retention of the subpoenaed material was wrongful. Since defendant does not challenge the subpoena itself as overly broad or too indefinite,[2] the claimed Fourth Amendment violation presumably is that the government's refusal to return the documents on defendant's request converted what had been a "reasonable" consented-to seizure into an "unreasonable" one.[3]

■ As to the alleged Fifth Amendment violation, we begin with the propositions that the privilege against self-incrimination "applies to the business records of

---

1. *United States v. Halper*, 590 F.2d 422, 433 n.16 (2d Cir., 1978), *citing United States v. Calandra*, 414 U.S. 338, 344–45, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Lawn v. United States*, 355 U.S. 339, 349, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

2. *See Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 208, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Hale v. Henkel*, 201 U.S. 43, 76, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

3. *Cf. United States v. Ponder*, 444 F.2d 816, 820 (5th Cir. 1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972).

the sole proprietor or sole practitioner"[4] and that production of such papers pursuant to a subpoena directed to the holder of the privilege "may constitute a compulsory authentication of incriminating information."[5] Here the defendant knowingly and voluntarily waived his constitutional privilege by delivering the material to the grand jury on advice of his counsel. Thus this alleged violation as well turns on the lawfulness of the government's retention of the documents, for the defendant claims that if they had been returned to him upon his request he would have asserted his privilege against any further subpoenas by the successor grand jury.

 Defendant was not entitled to the return of the subpoenaed material when the first grand jury concluded its term. In *United States v. Thompson*[6] the Supreme Court upheld the power of successive grand juries to inquire into matters already considered by a prior grand jury which failed to act. In the exercise of this power, the successor grand jury may consider much of the same evidence submitted to its predecessor. But courts have not required the government to return the evidence so that it may be re-subpoenaed. "That a different grand jury from the one which subpoenas the evidence is presented with that evidence is of little import."[7] The practice challenged here of retaining the documents is commonplace and has survived challenge.[8] Although limits on this practice have been imposed,[9] suffice it to say the government's conduct here was well within those limits.

**4.** *Bellis v. United States,* 417 U.S. 85, 88, 94 S.Ct. 2179, 2182–2183, 40 L.Ed.2d 678 (1974); *accord, Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

**5.** *Andresen v. Maryland,* 427 U.S. 463, 474, 96 S.Ct. 2737, 2745, 49 L.Ed.2d 627 (1976); *accord, Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

**6.** 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920).

**7.** *United States v. Kleen Laundry & Cleaners, Inc.,* 381 F.Supp. 519, 523 (E.D.N.Y.1974).

**8.** *Robert Hawthorne, Inc. v. Director of Internal Revenue,* 406 F.Supp. 1098, 1129–32 (E.D.

Because the defendant voluntarily waived his rights on surrendering the subpoenaed material, and once having done so the government was entitled to retain them until the completion of a grand jury inquiry, the motion to suppress is denied.

So ordered.

Pa.1976); *United States v. Kleen Laundry & Cleaners, Inc.,* 381 F.Supp. at 523–24; *United States v. Culver,* 224 F.Supp. 419 (D.Md.1963).

**9.** *See, e. g., Robert Hawthorne, Inc. v. Director of Internal Revenue,* 406 F.Supp. at 1130 (return required when lawful investigatory function ends or when grand jury discharged without investigation's having been scheduled for resubmission to new grand jury); *United States v. Moore,* 423 F.Supp. 858 (S.D.W.Va. 1976) (return required after acquittal of defendant); *cf. United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1948) (return required where indictment was dismissed because grand jury was illegally constituted).