In re GRAND JURY PROCEEDINGS.

Robert SUTTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 81–1299.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 12, 1981.

Decided Sept. 8, 1981.

Lawrence Iason of Kasanof, Schwartz & Iason, New York City (Robert Kasanof and Bart M. Schwartz, New York City, with him on the briefs), for appellant.

Stephen P. Learned, U.S. Dept. of Justice, Washington, D. C. (Larry D. Patton, U.S. Atty., W.D. Okl., Oklahoma City, Okl., with him on the brief), for appellee.

Before McWILLIAMS and DOYLE, Circuit Judges, and KERR,* District Judge.

* Honorable Ewing T. Kerr, Senior Judge of the United States District Court for the District of Wyoming, sitting by designation.

KERR, District Judge.

This case is before us on appeal from the United States District Court for the Western District of Oklahoma. Appellant Robert Sutton (Sutton) was the controlling officer of BPM, Ltd. (BPM), a Tulsa crude oil reselling company. BPM was under investigation by a federal grand jury in the Western District of Oklahoma. In the course of its investigation, the grand jury subpoenaed certain documents from Charles N. Wooton (Wooton), an attorney who represented BPM. The subpoena was challenged and during the time the issues were being considered and resolved by the district court, the term of the grand jury which had issued the subpoena expired. The investigation of Sutton and BPM was then transferred to another grand jury in the Northern District of Oklahoma. The trial court made a determination that the documents in question should go to the second grand jury and ordered that said documents were to be delivered to the second grand jury after ten days. By Order dated March 27, 1981, this Court granted Appellant's Motion For A Stay of the district court's Order.

Two issues are now before us: (1) Is the subpoena enforceable and (2) Do the documents in question qualify for the attorney-client privilege or the work product doctrine? The initial issue in this case appears to be one of first impression.

■ It is well settled that the same matters may be considered by more than one grand jury. *United States v. Thompson*, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920); *In Re Grand Jury Investigation of Banana Industry*, 214 F.Supp. 856 (D.C.Md. 1963); *United States v. Culver*, 224 F.Supp. 419 (D.C.Md.1963).

The subpoenaed documents were subjected to an in camera review by the district court judge. The trial court then made a determination that the documents should be presented to the second grand jury. During the time the lower court was reviewing the documents, the term of the first grand jury expired. Thus, the documents were never presented to, or seen by, the first grand jury. The factual situation in this case is somewhat similar to that in the case of *United States v. E. H. Koester Bakery Company*, 334 F.Supp. 377 (D.C.Md.1971). In *Koester*, a motion to dismiss the indictments based on the use of successive grand juries was denied. One of the arguments made by the defendants in *Koester* was that documents cannot be transferred from one grand jury to another without a court order. This argument is obviously not in point in the case currently before us because such an order was entered by the trial court.

The analysis of the trial court in *Koester* is helpful and pertinent to the problem we face in the instant action:

... If what defendants contend is that when the first grand jury was dismissed, it should have returned the documents to the defendants, and that if the second grand jury desired to see these documents it should have issued new subpoenas, the court is of the opinion that if such a procedure was necessary, and it does not at this time decide that it was, that error was harmless under the circumstances of this case and would not justify quashing an indictment.

■ In the current case, no indictment has been returned. We hold that no error would accrue if the documents were transferred to the second grand jury in the Northern District without the issuance of a second subpoena. The documents have been reviewed and, in our opinion, the attorney-client privilege and the work product doctrine were not violated.

Furthermore, there is no problem regarding the completeness of the documents to be submitted. This is not a situation where summaries or partial testimony is involved. See *In Re Grand Jury Investigation of Banana Industry*, supra; *In Re May 1972 San Antonio Grand Jury*, 366 F.Supp. 522 (W.D. Tex.1973).

It appears that little would be gained by requiring that a second subpoena be issued by the second grand jury under the facts of this case. In view of our holding that the

documents are to be sent to the second grand jury, to hold that a second subpoena is required would simply result in a complete waste of judicial time.

In addition, we are inclined to agree with the statement of the court in *United States v. Kleen Laundry and Cleaners, Inc.*, 381 F.Supp. 519 (E.D.N.Y.1974):

... That a different grand jury from the one which subpoenas the evidence is presented with that evidence is of little import. This procedure is common. (Citations omitted).

See also *United States v. Halper*, 470 F.Supp. 103 (S.D.N.Y.1979); *Robert Hawthorne, Inc. v. Director of Int. Rev.*, 406 F.Supp. 1098 (E.D.Penn.1976).

Appellant relies heavily upon the cases of *Loubriel v. United States*, 9 F.2d 807 (2nd Cir. 1926) and *Graziadei v. United States*, 319 F.2d 913 (7th Cir. 1963) to support his position that the subpoena issued by the first grand jury is invalid as to the second grand jury. Such reliance is misplaced. *Loubriel* is a 1926 case in which Loubriel was held in contempt for refusing to testify before a grand jury pursuant to subpoena. The issue before the court was whether or not Loubriel could be compelled to testify before the second grand jury to purge himself of contempt. Loubriel did actually testify before the second grand jury and did not purge himself of contempt. In the current case, however, only the production of documents is involved.

In *Graziadei*, the court dismissed the motions to quash the subpoenas in question on the grounds of mootness. The court never reached the question of the validity of the subpoena in relationship to a second grand jury.

The second and final issue to be considered by us involves the attorney-client privilege and work product doctrine. The documents subpoenaed by the grand jury were accountant's worksheets. Wooton alleges that he asked the accountant to prepare the worksheets in anticipation of litigation which might result from a potential DOE audit.

■ The government raises the point that the documents do not embody communications between Wooton and Sutton. We have examined in camera the sealed documents in question and agree with the government that no communications are embodied therein. Furthermore, there was no error in the fact that the district court held an ex parte hearing to determine the status of the worksheets. *In Re September 1975 Grand Jury Term*, 532 F.2d 734 (10th Cir. 1976).

It is well settled that there is no confidential accountant-client privilege under federal law. Furthermore, in feder ¹ cases there is no state created accountant-client privilege. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *United States v. Wainwright*, 413 F.2d 796 (10th Cir. 1969), cert. denied, 396 U.S. 1009, 90 S.Ct. 566, 24 L.Ed.2d 501 (1970).

In the memorandum of law submitted by Wooton to the district court and filed on June 5, 1980, Wooton asserted in his statement of facts that "... Mr. Wooton retained William O. Johnson, a certified public accountant." It is thus clear that the relationship that is present is one of accountant-client and not that of attorney-client. Appellant would have us stretch the attorney-client privilege to cover the current situation in which the attorney asks the accountant to prepare worksheets on the various oil properties of BPM because of a discussion between Wooton and Sutton. This we decline to do. The worksheets are obviously based on business records which would probably have been discoverable anyway.

■ After a detailed in camera inspection, we conclude that no communications are embodied in the accountant's worksheets. Therefore, we hold that the determination of the district court that the submission of the worksheets would not violate the attorney-client privilege was correct. As a result of the inspection, it is also apparent that none of the attorney's mental impressions are recorded in the worksheets themselves. Such mental impressions are a prerequisite to the invocation of the work

product doctrine. Instead, the worksheets entailed a compilation of the business records of BPM rather than the attorney's mental impressions. See *In Re September 1975 Grand Jury Term*, supra.

Appellant relies upon *Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) to support his theories of privilege and protection under the attorney-client privilege and the work product doctrine. Such reliance is misplaced. Initially we note that the documents in *Upjohn*, i.e. questionnaires and responses thereto, are substantially different from the accountant's worksheets subpoenaed in the instant case. In addition, Upjohn involved employees within the corporate structure whereas Wooton himself states that the accountant was retained in the current action, thus indicating that the accountant was outside of the corporate structure. In addition, any litigation in this case as a result of a potential DOE audit is highly speculative. It is well settled that the work product doctrine does not rest upon anticipated litigation. *In Re September 1975 Grand Jury Term*, supra. To hold otherwise would be an open invitation to corporate counsel to dodge any attempted discovery by hiding behind the attorney-client privilege and work product doctrine. We decline to support such a position.

In light of our holdings above, it is unnecessary to consider the issue regarding the Sixth Amendment right to the effective assistance of counsel.

AFFIRMED.