**In re George P. KROH, Debtor.**

**Bankruptcy No. 87–00388–1–11.**

United States Bankruptcy Court,
W.D. Missouri, W.D.

Dec. 11, 1987.

Gerald M. Handley, Ronald S. Weiss, Kansas City, Mo., for debtor.

David Achtenberg, Kansas City, Mo., for trustee.

**MEMORANDUM AND ORDER DENYING MOTIONS OF DEBTOR AND FRANCIS A. WRIGHT TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

KAREN M. SEE, Bankruptcy Judge.

The Trustee obtained an order authorizing him to conduct a Bankruptcy Rule 2004

examination of Harry Smith, an accountant with the firm of Francis A. Wright & Co. The scope of examination is set forth in Rule 2004(b). The Trustee served a subpoena duces tecum on Smith, requesting production of "[a]ll recorded information ... relating to George Kroh or his financial affairs, assets or liabilities. This request is intended to include all records of any sort relating to George Kroh or Carolyn Kroh's financial affairs." Debtor was granted leave to intervene. Wright and debtor filed motions to quash the subpoena and for a protective order.

Wright and debtor base their motions on the Missouri accountant-client privilege. *See* § 326.151 RSMo (Supp.1987). Additionally, debtor raises the attorney-client privilege, his Fifth Amendment rights against self-incrimination, and the argument that the subpoena is too broad and covers records belonging to his non-debtor spouse. Wright and debtor seek a protective order preventing production of any documents and testimony requested in the subpoena. If the subpoena is enforced, Wright requests production of documents *in camera* to prevent production and publication of documents protected by the Missouri accountant-client privilege. For reasons stated below all motions are denied and Wright is ordered to comply with the subpoena.

■ Movants first contend the subpoena violates the Missouri accountant-client privilege. The threshold issue is whether federal or state law applies to these proceedings. The Federal Rules of Evidence apply in cases under the Bankruptcy Code. Bankr. Rule 9017. F.R.E. 501 provides that unless state law supplies the rule of decision, federal common law governs the privilege of a witness. Questions concerning financial condition of a debtor; location, nature and amount of assets and liabilities; size of the estate; and information relating to how the estate may be augmented are questions of federal bankruptcy law. *Matter of International Horizons, Inc.,* 689 F.2d 996, 1003[9] (11th Cir.1982). Rule 2004(b) provides that the examination "may relate only to the acts, conduct, or property

or to the liabilities and financial condition of the debtor ..." or to "any matter which may affect the adminstration of the debtor's estate." The subpoena requests production of "[a]ll recorded information ... relating to George Kroh or his financial affairs, assets or liabilities." This request falls squarely within the scope of a Rule 2004 examination. Accordingly, federal law relating to privileges applies in this case.

The Supreme Court has expressly disapproved application of an accountant-client privilege in federal cases. *Couch v. United States,* 409 U.S. 322, 335, 93 S.Ct. 611, 619[12], 34 L.Ed.2d 548 (1973). In a bankruptcy context the Eleventh Circuit rejected three arguments raised by a debtor concerning application of an accountant-client privilege. *Matter of International Horizons, Inc.,* 689 F.2d 996, 1004[15] (11th Cir.1982). First, the debtor argued that at some point in the bankruptcy proceedings the allegedly privileged material might be used as an element of proof on a claim or defense governed by state law. The Eleventh Circuit found that the bankruptcy proceeding before it, at that stage, involved only questions concerning debtor's financial condition that were within the realm of federal law. 689 F.2d at 1003. In rejecting debtor's second argument—that federal courts should adopt the accountant-client privilege—the Court noted that the Supreme Court and other federal courts have refused to recognize that privilege in federal cases. 689 F.2d 1003–1004[15] (citations omitted). Finally, the Court found that adoption of a forum state's accountant-client privilege as a matter of comity "would significantly undermine the important federal interest in assuring complete and accurate disclosure in federal bankruptcy proceedings." 689 F.2d at 1005[16].

George Kroh, debtor herein, cited only one authority from the Eighth Circuit which recognized application of the Missouri accountant-client privilege. That decision is distinguishable from the present case, as debtor noted in his brief, because subject matter jurisdiction in that case was based on diversity. *See Commercial Union Insurance Co. of America v. Talis-*

*man, Inc.,* 69 F.R.D. 490 (E.D.Mo.1975). Based on the precedent cited above, this Court finds that the proceedings presently at issue are governed by federal law. Under federal law there is no accountant-client privilege. The objections of Wright and debtor that enforcement of the subpoena will violate the Missouri accountant-client privilege are overruled.

■ Debtor next asserts the records are protected by the attorney-client privilege because some of the records were prepared at the request of and under direction of debtor's attorney. This argument was rejected in *In re Grand Jury Proceedings (Sutton v. United States),* 658 F.2d 782 (10th Cir.1981). *Sutton* involved a grand jury subpoena of accountant's work papers in the possession of the attorney for the corporation under investigation. The workpapers were allegedly prepared at the direction of the attorney in anticipation of an audit of the company by a government agency. The Tenth Circuit found that the relevant relationship was that of accountant-client, not attorney-client. 658 F.2d at 784. It further found, after *in camera* review of the documents, that they did not embody any attorney-client communications. Based on these findings, the Court declined "to stretch the attorney-client privilege to cover the ... situation in which the attorney asks the accountant to prepare worksheets...." The Court also noted that there is no federal accountant-client privilege. 658 F.2d at 782.

Here, debtor does not assert that the requested documents embody communications between himself and his attorney. Instead he relies on the fact that some of the documents were prepared at the request of his attorney. These facts place this matter squarely within the holding of *Sutton.* Accordingly, debtor's objection to the subpoena on the ground that it violates the attorney-client privilege is overruled.

■ Debtor's third contention is that his accountant's production of the items requested will violate debtor's Fifth Amendment privilege against self-incrimination.

This same argument was overruled in *Couch v. United States,* in which the Supreme Court addressed the issue of whether a taxpayer could invoke the Fifth Amendment privilege against self-incrimination to avoid production of business and tax records given by the taxpayer to an accountant for the purpose of preparing income tax returns. The Court found the element of personal compulsion was not present because the IRS summons was directed to the accountant. The Court noted:

> The divulgence of potentially incriminating evidence against petitioner is naturally unwelcome. But petitioner's distress would be no less if the divulgence came not from her accountant but from some other third party with whom she was connected and who possessed substantially equivalent knowledge of her business affairs. The basic complaint of petitioner stems from the fact of divulgence of the possibly incriminating information, not from the manner in which or the person from whom it was extracted. Yet such divulgence, where it does not result from coercion of the suspect, herself, is a necessary part of the process of law enforcement and tax investigation.

409 U.S. at 329, 93 S.Ct. at 616[10]. The Supreme Court also rejected the taxpayer's reliance on *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), which held that "any forcible and compulsory extortion of a man's own testimony, or of his private papers to be used as evidence to convict him of crime" violated the Fifth Amendment. 116 U.S. at 630, 6 S.Ct. at 532. The Court in *Couch* distinguished *Boyd* by finding that "possession bears the closest relationship to the personal compulsion forbidden by the Fifth Amendment." 409 U.S. at 331, 93 S.Ct. at 617[11].[1]

Here, the subpoena is not directed at debtor and debtor does not assert possession of or a possessory interest in any of the documents. Although debtor may be privileged from producing the evidence himself, there is no privilege preventing its production by another entity. *See Johnson*

---

**1.** *See also United States v. Climbing Hill Savings Bank,* 634 F.2d 1086, 1087[1] (8th Cir.1980); *United States v. Stuart,* 587 F.2d 929, 930[2] (8th Cir.1978).

*v. United States,* 228 U.S. 457, 458, 33 S.Ct. 572, 57 L.Ed. 919 (1913). Debtor's objection that the subpoena violates his Fifth Amendment privilege against self-incrimination is overruled.

■ Debtor's final contention is that the subpoena is overly broad in three respects: (1) there is no limit on the time period of records sought; (2) there is no limit on the scope of records sought; and (3) the subpoena seeks records of Carolyn Kroh, debtor's spouse who is not in bankruptcy. A bankruptcy trustee "is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to a debtor, for it is only in this manner that he can reasonably be expected to discover the existence and location of the assets of the estate...." *Matter of Isis Foods, Inc.,* 33 B.R. 45, 47[1] (Bankr.W.D.Mo.1983).[2] Here, the subpoena requests information concerning debtor's financial condition and parallels the permissible scope of a Rule 2004 examination. Concerning records of Carolyn Kroh, the Court notes that Mrs. Kroh has not sought leave to intervene in this matter. No one has raised—and this Court does not address—any spousal privilege. Additionally, an examination under Rule 2004 may be made of any person and may relate to "any matter which may affect the adminstration of the debtor's estate." Clearly, the Trustee has the right under Rule 2004 to examine Carolyn Kroh concerning matters within the scope of the Rule. Her financial condition may well affect the administration of the estate. Thus, the Trustee could subpoena Mrs. Kroh pursuant to Rule 2004 and ask that she bring any records concerning either debtor's financial condition or matters which may affect the administration of the estate with her. The Court sees no reason to quash a subpoena directed at a person who may have possession of those same or similar records. Finally it should be noted that no Schedules and Statements of Affairs are on file in this proceeding due to debtor's refusal to file schedules based on his argument that to do so would violate his Fifth Amendment right against self-incrimination. Thus, the Trustee has the difficult task of preparing the schedules and statements of affairs in this large, complex case. For this reason, the Court will not impose any restrictions on dates of the records requested. Debtor's contentions concerning the scope of the subpoena are overruled.

Finally, because the subpoena will be enforced on its original terms and the accountant-client privilege is inapplicable, the motions of both Wright and debtor for protective orders are denied.

Accordingly, for the above reasons, it is

ORDERED that the Motions of Francis A. Wright (# 127) and George P. Kroh (# 129) to Quash the Subpoena and for a Protective Order are denied and that the subpoena shall be enforced.

**2.** *See also Matter of Wilcher,* 56 B.R. 428, 433[1] (N.D.Ill.1985) ("The scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.' ").