**In re CAMPBELL SIXTY–SIX EXPRESS, INC., Debtor.**

**CAMPBELL SIXTY–SIX EXPRESS, INC., Plaintiff,**

**v.**

**EMPIRE BANK, Defendant.**

**Bankruptcy No. 86–01697–S–11.**
**Adv. No. 87–0571–S–1–11.**

United States Bankruptcy Court, W.D. Missouri.

April 4, 1988.

Kerry L. Myers, Springfield, Mo., for plaintiff.

James L. Bowles, Springfield, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ANSWERS TO DEFENDANT'S CERTIFIED DEPOSITION QUESTIONS

KAREN M. SEE, Bankruptcy Judge.

By letter, defendant Empire Bank requested a hearing on debtor's assertion of the attorney-client privilege to questions asked at the deposition of William Pitt, debtor's president. Defendant certified the questions for ruling on the alleged privilege. At a discovery conference on February 18, 1988, the Court requested briefs. Defendant filed a brief, which the Court will treat as a motion to compel deposition answers. Plaintiff failed to file a brief or otherwise respond to defendant's brief.

At Mr. Pitt's deposition, he was asked questions about his knowledge of checks and documents from Empire Bank files. The items were obtained by debtor's attorney in the course of discovery in another Campbell adversary case in which Empire Bank personnel were witnesses. Mr. Pitt, asserting the attorney-client privilege, declined to answer the questions. He stated that any knowledge he had concerning the checks was information disclosed to him by debtor's attorney, who discovered the items.

■ The threshold issue is whether state or federal law applies to these proceedings. Federal Rules of Evidence apply in cases under the Bankruptcy Code. Bankr.R. 9017. F.R.Evid. 501 provides that when federal substantive law is applied, federal law of privileges is also applied. *See In re Kroh*, 80 B.R. 488 (Bankr.W.D.Mo.1987). Counts V and VI of the complaint are core proceedings objecting to defendant's proof of claim and seeking equitable subordination of it pursuant to 11 U.S.C. § 510. Both counts are governed by federal substantive law, so federal law applies to the attorney-client privilege question. Accordingly, it is unnecessary to determine the scope of the privilege under state law.

■ A party asserting the attorney-client privilege under federal common law must establish that: 1) the claimant of the privilege is or sought to become a client; 2) the person to whom the communication was made is a lawyer (or his subordinate) and was acting as a lawyer in connection with the communication; 3) the communication concerns a fact of which the client informed the attorney without the presence of strangers, for the purpose of securing primarily an opinion on law, legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and 4) the privilege has been claimed and not waived by the client. *Diversified Indus. Inc. v. Meredith*, 572 F.2d 596, 601–02 (8th Cir.1977); *United States v. United Shoe Mach. Corp.*, 89 F.Supp. 357, 358 (D.Mass.1950).

**634**

F.R.C.P. 26(b) protects only confidential communications between client and attorney, not factual information discovered by the attorney. *See Radiant Burners, Inc. v. American Gas Ass'n,* 320 F.2d 314, 324 (7th Cir.1963); *American Standard Inc. v. Bendix Corp.,* 80 F.R.D. 706 (W.D. Mo.1978); 4 Moore's Federal Practice ¶ 26.60. It is emphasized that only the communication itself is privileged; the underlying facts, as well as factual circumstances surrounding the relationship are discoverable. *Diversified Indus. Inc. v. Meredith,* 572 F.2d 596 (8th Cir.1977); *Nat'l Union Fire Ins. Co. v. Aetna Cas. & Sur. Co.,* 384 F.2d 316 (D.C.Cir.1967).

Further, facts discovered by an attorney from third parties in preparation for litigation are not covered by the attorney-client privilege and do not become so because the attorney communicates them to his client. *Giordani v. Hoffman,* 278 F.Supp. 886 (E.D.Pa.1968); *United States v. Aronoff,* 466 F.Supp. 855, 860 (S.D.N.Y. 1979). As to production of documents, documents originating with third parties are beyond the scope of the privilege. *See Hickman v. Taylor,* 329 U.S. 495, 508, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947); *Jack Winter, Inc. v. Koratron Co., Inc.,* 54 F.R. D. 44, 47 (N.D.Cal.1971); *In re Fischel,* 557 F.2d 209, 212 [5–7] (9th Cir.1977) (since the client had no reasonable expectation of secrecy).

Here, plaintiff has not established any communication of confidential information between attorney and client. The questions pertained to facts the attorney discovered from a third party—specifically, from this defendant—in the discovery process. The information did not assume the cloak of the attorney-client privilege merely because it was communicated from the attorney to Mr. Pitt. To allow such a result would stymie discovery because all information would become privileged once conveyed to the client. It is further noted there was not objection on the basis that any information sought resulted from the attorney's investigation and analysis and, as such, constituted work product.

The attorney-client privilege has been held applicable only where the attorney acts in an advisory position and the advice is based on or would reveal confidential information furnished by the client. *United States v. Silverman,* 430 F.2d 106 (2d Cir.1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971); *Herbert v. Lando,* 73 F.R.D. 387, (S.D.N.Y.), rev'd on other grounds, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *In re Ampicillin Antitrust Litig.,* 81 F.R.D. 377 (D.D.C. 1978). Those circumstances do not exist in the present case. For the foregoing reasons it is hereby

ORDERED that plaintiff's assertion of the attorney client privilege is without merit and defendant's motion to compel answers to the certified questions is GRANTED.