**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

KEITH ALAN MALADY, also known as Kip Staley,

        Defendant–Appellant.

No. 06-1021

(Case No. 05-CR-74-EWN)

(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

Appellant Keith Alan Malady was convicted by a jury of several counts of firearms and controlled substances offenses as well as one count of obstruction of justice. In this direct criminal appeal, Appellant challenges certain evidentiary

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

rulings made by the district court.

First, Appellant argues that the district court erred by allowing the government to admit during its case-in-chief photographic exhibits provided by Appellant's counsel pursuant to the district court's courtroom rules. We review the district court's decision to admit evidence for abuse of discretion. *See United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999).

During the trial, government witness Rachel Wilken testified that she had gone with her husband to a Colorado Springs store at which he purchased a firearm for Appellant. When she was unable to remember the name of the store, the government sought to refresh her recollection with one of the marked defense trial exhibits—a photograph of a storefront and its parking lot. Appellant objected to the use and admission of this exhibit on the basis of attorney work product. The district court overruled the objection, holding that "this is not work product by any stretch of the imagination." (Tr., vol. 5, at 477.)

We conclude that the district court did not abuse its discretion by allowing this evidence to be admitted. The attorney work product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Documents or other items that do not reflect the attorney's mental impressions are not protected by the work product doctrine. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental

processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); *In re Grand Jury Proceedings*, 658 F.2d 782, 784-85 (10th Cir. 1981) ("Such mental impressions are a prerequisite to the invocation of the work product doctrine."). The photograph at issue in this case, which depicts a public storefront, clearly does not reflect the attorney's mental impressions and therefore is not the type of evidence that is protected by the work-product exception.

Second, Appellant argues that the district court erred by allowing testimony that Appellant admitted to stealing the gun safe that police found in his house. Appellant's possession of this gun safe was an important issue in two of the counts against him at trial—one count of felon in possession of a firearm and one count of obstruction of justice. The felon in possession charge was based on a pistol that police discovered in the gun safe, while the obstruction of justice charge was based on Appellant's attempts to deceive the court regarding his ownership of the safe. To prove the obstruction charge, the government presented evidence that Appellant conspired with his wife to fabricate a letter, purportedly written by their friend, Christopher Wilken, indicating that the safe and the pistol belonged to Mr. Wilken. After Appellant's wife had obtained Mr. Wilken's signature on the letter, in exchange for methamphetamine, the letter was presented to Appellant's counsel with the intent that it be submitted to the court. Thus, evidence of the theft of the gun safe was admitted for the purpose of proving

Appellant's knowing possession of the safe.

Appellant objected to this evidence at trial, arguing that it was hearsay, irrelevant, and speculative, but his objections were overruled. On appeal, Appellant argues that this evidence violated Federal Rules of Evidence 403, 404(b), and 405. We first note that Appellant did not properly preserve this issue for appeal, as the record before us does not show that he objected below on the grounds he now raises on appeal. However, even if this objection had been properly raised, we conclude, considering the context of this case, that the district court would not have abused its discretion by allowing admission of the objected-to evidence. Therefore, we affirm the ruling.

Finally, Appellant argues that the district court erred by denying his motion to suppress evidence obtained from his house. In his suppression motion, Appellant argued that the police officers would not have obtained a search warrant were it not for their unlawful actions of, *inter alia*, (1) obtaining the VIN from a stolen pickup truck in his driveway, (2) following him upstairs into his bedroom, where the gun safe was observed, and (3) conducting a protective sweep of the house after his arrest. After holding a suppression hearing, the district court ruled that Appellant lacked any expectation of privacy in the stolen vehicle, that Appellant implicitly consented to the police officer following Appellant to his bedroom, and that the protective sweep conducted after Appellant's arrest was justified by the potential threat to officer safety.

When reviewing a district court's ruling on a suppression motion, "we accept the district court's factual findings absent clear error and review *de novo* the district court's determination of reasonableness under the Fourth Amendment." *United States v. Olguin-Rivera*, 168 F.3d 1203, 1204 (10th Cir. 1999).

We conclude that the district court correctly ruled that Appellant lacked any expectation of privacy in the stolen truck. It is well established that a defendant does not have any legitimate expectation of privacy in a stolen vehicle or its contents. *United States v. Miller*, 84 F.3d 1244, 1250 (10th Cir. 1996), *overruled on other grounds by United States v. Holland*, 116 F.3d 1353 (10th Cir. 1997); *United States v. Betancur*, 24 F.3d 73, 76 (10th Cir. 1994). Appellant argues that *Jones v. United States*, 362 U.S. 257 (1960), provides him with standing to challenge the search of the stolen truck because he had personal property in the bed of the truck and the truck was parked in his driveway. However, *Jones* was overruled by *United States v. Salvucci*, 488 U.S. 83, 95 (1980), which held that "the automatic standing rule of *Jones* has outlived its usefulness in this Court's Fourth Amendment jurisprudence."

Furthermore, the Supreme Court has held that there is "no reasonable expectation of privacy in the VIN" of a vehicle, given the "important role played by the VIN in the pervasive governmental regulation of the automobile and the efforts by the Federal Government to ensure that the VIN is placed in plain view."

*New York v. Class*, 475 U.S. 106, 113-14 (1986). Recognizing this fact, we have previously held that if "the VIN on the dashboard is covered and the driver is not in the vehicle, the officer may open the door to read the VIN on the doorjamb . . . or he may reach into the vehicle to remove any obstruction covering the VIN on the dashboard." *Miller*, 84 F.3d at 1251. Because the VIN was not visible and Appellant was not in the vehicle at the time, the officer was justified in opening the truck's door to locate the VIN.

As to Appellant's contention that a police officer unlawfully followed him upstairs into his bedroom, the district court concluded that Appellant implicitly consented to the officer's actions. Whether or not Appellant gave voluntary consent is a question of fact, to be determined from the totality of the circumstances. *See United States v. Patten*, 183 F.3d 1190, 1194 (10th Cir. 1999). Thus, we review the district court's ruling for clear error.

A defendant does not need to verbally agree to a search in order for consent to be valid. *See id.* at 1195 (valid implied consent to search inside suitcase because defendant silently and without objection unzipped suitcase); *see also United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002) (defendant demonstrated his consent to enter trailer "by 'yielding the right-of-way' for the officers to enter"). Here, Appellant told the officer that the vehicle ownership papers the officer had requested were upstairs, then Appellant walked up the stairs without further conversation. At no point did Appellant tell the officer to

stay downstairs or otherwise indicate that the officer was not welcome to follow him. However, when the officer requested to search the gun safe where the papers were allegedly located—Appellant was unable to produce ownership documentation from the stack of papers he drew from the safe—Appellant told him that he could not. As the district court noted, this response demonstrated that Appellant was aware of his right to refuse consent to a search and chose not to exercise it when the officer followed him upstairs. We conclude that the district court reasonably construed Appellant's conduct as implying consent to the search.

Finally, Appellant argues that the protective-sweep exception to the warrant requirement did not apply in this case because Appellant and his guest had already been removed from the house when police carried out the search. The district court overruled this objection, concluding that, under the circumstances, the officer was justified in conducting a protective sweep of the house. Reviewing this factual conclusion for clear error, we affirm.

A protective sweep is permissible "'if the searching officer possesse[d] a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed] the officer in believing that the area swept harbored an individual posing a danger to the officer or others.'" *United States v. Carter*, 360 F.3d 1235, 1242 (10th Cir. 2004) (alterations in original) (quoting *Maryland v. Buie*, 494 U.S. 325, 327 (1990)). The district court concluded that the officer's sweep of the home was justified by

a legitimate concern that there might be another person in the house who would pose a threat to officer safety. In light of the circumstances, including Appellant's significant delay in responding to the door, the video camera pointing at the officers from the upstairs window, the presence of at least one other person in the house when the officers arrived, the existence of the gun safe in the bedroom, the confirmation that the vehicle in the driveway was stolen, and the fact that the officers needed to remain on the property for some time while waiting for a tow truck to arrive, we find no error in the district court's conclusion that the protective sweep was justified.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge